IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIM. NO. GLR-24-093 |
| DAVID FUNDERBURK, | |
| Defendant | |

**GOVERNMENT'S MOTION IN LIMINE TO FIND STATEMENTS ADMISSBLE UNDER HEARSAY EXCEPTIONS**

The United States of America, by counsel, hereby files this motion *in limine* requesting that this Court find admissible statements from witnesses under Federal Rule of Evidence 803(1), present sense impression, and Federal Rule of Evidence 803(2), excited utterance.

## BACKGROUND

The Defendant is facing one count of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). On November 3, 2023, the Defendant was observed by Baltimore Police Department Detective Brandon Columbo walking eastbound down the 1500 block of West Baltimore Street, in Baltimore City. Detective Columbo, driving a marked Baltimore Police Department vehicle, along with Detective Brittany Routh, Detective Justin Oliva, and Detective Mason Coursey, followed the Defendant walking eastbound. Detective Columbo made observations of the Defendant that led him to believe the Defendant was carrying a firearm. Specifically, Detective Columbo observed the Defendant pinning his arm against his right side, as well as observing something heavy swinging from the right pocket of the Defendant.

At timestamp 8:49:12 p.m. in Exhibit 1, the security camera video from Bill's Place, located at 1516 West Baltimore Street, the Defendant was observed walking inside. Detective Brandon Columbo stopped his squad car in the middle of West Baltimore Street outside of the

restaurant so that he could continue to observe the Defendant through the front window of the front door to Bill's Place.

At timestamp 8:49:16 p.m. in Exhibit 1, Detective Columbo observed the Defendant appear to pull something from his right pocket, crouch down around a corner just inside the entry way to Bill's Place, and place the object on the floor, before standing up.

At timestamp 8:49:23 p.m. in Exhibit 1, believing that the Defendant was discarding a firearm, Detective Columbo and the other officers immediately entered Bill's Place and began to detain the Defendant.

At timestamp 8:49:36 p.m. in Exhibit 1, while detaining the Defendant, the customers inside Bill's Place sprinted out of the restaurant for their own safety. Detective Jacob Dahl arrived at this point and held the door for the customers, yelling at them to leave the restaurant for their own safety. This is visible in Exhibit 2, Detective Dahl's body worn camera, at timestamp 21:07:15.[1]

At timestamp 8:49:42 p.m. in Exhibit 1 and timestamp 21:07:20 in Exhibit 2, when running out, one customer stopped at the door and told Detective Dahl, "He put the gun…" with the last part unintelligible on the audio, and the witness pointed to the corner inside the restaurant where the Defendant's actions were observed by Detective Columbo.

Detective Dahl then entered Bill's Place and immediately checked the corner where the witness pointed, locating and recovering on the floor a FN Five-seveN 5.7x28mm handgun, loaded with one round in the chamber and an additional 17 rounds in the magazine, bearing serial number 386395776. This was the same location Detective Columbo observed the Defendant crouch down

---

[1] The Government notes that the timestamps between Exhibit 1 and 2 appear to be approximately 18 minutes apart but depict the same events from different points of view. Exhibit 1 contains no audio.

in prior to law enforcement entering the restaurant.

After detaining the Defendant and recovering the firearm, Detective Dahl and Columbo discussed what the witness told Detective Dahl when fleeing the restaurant. This conversation begins at 21:09:40 in Exhibit 2. Detective Dahl states that the witness told him at the exit, "'He threw the gun in the corner,'" and that the witness pointed to the corner where the firearm was located.

The Defendant's actions were recorded by a security camera inside of Bill's Place. The interaction with the customer and discussion between Detective Columbo and Dahl were recorded by Detective Dahl's body worn camera. Attempts by law enforcement to identify, locate, and speak with the witness have been met with negative results.

## **LAW**

A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). The "underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication." *United States v. Mosby*, 2024 U.S. Dist. LEXIS 4182 at *16 (D. Md. Jan. 9, 2024) (citing *United States v. Lovato*, 950 F.3d 1337, 1344 (10th Cir. 2020)). Present sense impression is an exception to the general rule against hearsay, "regardless of whether the declarant is available as a witness." Fed. R. Evid. 803.

An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Fed. R. Evid. 803(2). "To qualify under the excited utterance exception to the Hearsay Rule: (1) the declarant must have experienced a startling event or condition; (2) she must have related the statement while under the

stress or excitement of that event or condition, not from reflection; and (3) the statement or utterance must have related to the startling event or condition." *United States v. Jennings*, 496 F.3d 344, 349 (4th Cir. 2007). "The basis for this rule is the assumption that an excited declarant will not have had time to reflect on events and to fabricate." *United States v. Widener*, 1992 U.S. App. LEXIS 4304 at *4 (D. Md. Mar. 9, 1992) (citing *Morgan v. Foretich*, 846 F.2d 941, 947 (4th Cir. 1988). "Additionally, errors in memory will have had less time to accumulate." *Jennings*, 496 F.3d at 349.

In *United States v. Hines*, 27 Fed. Appx. 159 (4th Cir. 2001), the Court found that statements made by police officers in the prosecution of a defendant charged with a violation of 18 U.S.C. § 922(g)(1) to be admissible under both the present sense impression and excited utterance hearsay exceptions. In *Hines*, two Baltimore Police Department officers (Stahm and Timms) were on patrol when they observed the defendant walking towards them with "a bulge in [the defendant's] front waist area." *Id.* at 160. The officers followed him in their police car, caught up to him, and asked him if he had "anything on him." *Id.* The defendant fled on foot through an alley and Stahm chased after him. *Id.* During the chase, he saw the defendant "retrieve a handgun from his waistband and toss the gun away." *Id.* After tackling the defendant, Stahm radioed his location to Timms, who arrived to assist him. Stahm then went to the alley to retrieve the discarded handgun. *Id.* at 160-61. At trial, Timms testified that after he arrived to assist Stahm, that Stahm "said to me he threw a gun." *Id.* at 161. On cross-examination, Timms again testified that Stahm "said he threw the gun right back there. He left directly after that. It was a matter of seconds." *Id.* On appeal, the Fourth Circuit found that the testimony was admissible under both the present sense impression and excited utterance exceptions , as the statements were "made under the stress of a foot pursuit and apprehension and almost immediately after" Stahm observed the defendant

discard the firearm. *Id.*

Likewise, in *United States v. Jackson*, 124 F.3d 607 (4th Cir. 1997), the Fourth Circuit found that a statement made immediately after an incident met the requirements of Fed. R. Evid. 803(1). In *Jackson*, police were called to the home of the defendant's mother as a result of a domestic disturbance. *Id.* at 609. After arriving, the defendant's mother told the responding officer that the defendant "had been threatening to shoot family members." *Id.* At trial, the statement was admitted under the exceptions for both present sense impression and excited utterance. *Id.* at 618. The Fourth Circuit found that the trial court had not abused its discretion in "concluding that [the defendant's mother's] statement at that time was admissible…as a description of ongoing events…" *Id.*

## ARGUMENT

I. **THE STATEMENT FROM THE WITNESS THAT THE DEFEDNANT "PUT THE GUN…" AND POINTING TO THE CORNER INSIDE THE RESTAURANT IS ADMISSIBLE UNDER THE HEARSAY EXEPTIONS FOR PRESENT SENSE IMPRESSION AND EXCITED UTTERANCE.**

In this case, the witness's statement on the video and actions of pointing to the corner inside the restaurant that the Defendant discarded a firearm in the corner of Bill's Place are admissible hearsay because it was a present sense impression. The witness's statement was made to Detective Dahl approximately 26 seconds after the Defendant discarded a firearm, and six seconds after the customers began to flee the restaurant. This was a statement made that was contemporaneous to the event that was being described.

Further, the statement is also admissible as an excited utterance. As noted above, the witness's statement was made to Detective Dahl, who was holding the door to Bill's Place open for customers who were in the process of fleeing the restaurant. He was screaming at them to exit when the witness, who was one of the fleeing customers, made the statement to him. The statement

was clearly made under the "stress or excitement of that event or condition" as contemplated by the rule. *See Jennings*, F.3d 496 at 349.

II. **THE STATEMENT FROM DETECTIVE DAHL THAT THE WITNESS SAID THE DEFEDNANT "THREW THE GUN IN THE CORNER" AND ANY TESTIMONY FROM DETECTIVE DAHL ABOUT THE WITNESS'S STATEMENT IS ADMISSIBLE UNDER THE HEARSAY EXEPTIONS FOR PRESENT SENSE IMPRESSION AND EXCITED UTTERANCE.**

As noted above, Detective Dahl's statement on the video and ability to testify to what the witness told him is admissible under the present sense impression to the hearsay rule. Similar to the circumstances in *Hines*, Detective Dahl stated that the witness not only told him that the Defendant dropped a firearm in the restaurant, but also directed him to the location where it was found. As noted above, in *Hines*, a police officer, following a foot chase of a defendant, told another officer that the defendant threw a gun. *Hines*, 27 Fed. Appx. at 161. The Fourth Circuit found this statement to meet the hearsay exceptions for present sense impression and an exited utterance, as they were made "under the stress of a foot pursuit and apprehension and almost immediately after" one of the officers observed the defendant discarding a firearm. *Id.* In the instant case, the conversation between Detective Columbo and Detective Dahl approximately two minutes after the customers fled the restaurant and after taking the Defendant into custody. This statement was made almost immediately after the events that are subject to the case and under the stress of clearing the restaurant and apprehending the Defendant.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the Government's motion to find admissible the statements from the witness and from Detective Dahl under the hearsay exceptions for present sense impression and excited utterance.

Respectfully submitted,

Erek L. Barron
United States Attorney


_____/s/_____
Patrick R. Rigney
Special Assistant United States Attorney

James Wallner
Assistant United States Attorney

36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4927
patrick.rigney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing will be sent by CM/ECF to:

Donald Wright, Esq.

_____/s/_____
Patrick R. Rigney
Special Assistant United States Attorney