**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. GLR-24-093** |
| **DAVID FUNDERBURK** | |
| **Defendant.** | |

**MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

1.      The United States of America, by counsel, Erek L. Barron, the United States Attorney for the District of Maryland, Patrick Rigney, Special Assistant United States Attorney for the District of Maryland, and James Wallner, Assistant United States Attorney for the District of Maryland, respectfully submits this Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculation pursuant to Title 18 U.S.C. § 3161(h) from **February 7, 2025 through April 7, 2025.**  At the time of filing this motion, the Government has not received the Defense's position, and thus this is not a consent motion.

2.      On March 19, 2024, a federal grand jury returned an indictment charging Defendant David Funderburk with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1.

3.      On March 29, 2024, the Defendant was arrested and had his initial appearance on the indictment.  At that time, a detention hearing was held, and the Defendant was ordered to be detained. ECF Nos. 5 and 7.

4.      On April 2, 2024, pursuant to Rules 16 and 16.1 of the Federal Rules of Criminal Procedure, and Local Standing Order 2020-01, the Government held a phone conference with Defense counsel concerning the Government's anticipated discovery.

5.      On April 4, 2024, the Court issued a Scheduling Order setting a trial date for May 28, 2024, with all pre-trial motions, except for motions *in limine*, to be filed by May 20, 2024. ECF No. 8.

6.      On April 22, 2024, the Defense filed a Motion to Dismiss the Indictment on Second Amendment grounds, citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).  The Government filed its response on May 6, 2024.  ECF Nos. 12 and 17.

7.      On April 22, 2024, following the filing of the Defense Motion to Dismiss the Indictment, the Court emailed the parties and requested a status phone call.  An email exchange occurred between the parties to schedule the call on April 24, 2024.

8.      On April 24, 2024, a phone conference was held between the parties and the Court. As a result of the filing of the Defense motion, the Court continued the trial and the parties agreed that the speedy trial clock tolled, pursuant to 18 U.S.C. § 3161(h)(1)(D).  The parties discussed new dates for a hearing on the Defense motion as well as new dates for trial.  The Court set a motions hearing on August 22, 2024, the pretrial conference on September 23, 2024, and the trial to begin on September 30, 2024.  The Court filed a revised scheduling order after this call, noting that the parties agreed that "all time from [April 22, 2024, the date the Defense filed its motion] until the disposition of that motion shall be excluded time under the Speedy Trial Act," citing 18 U.S.C. § 3161(h)(1)(D).  ECF No. 14.

9.      On April 26, 2024, the Defense filed a Motion for Review of Detention Order as to the Defendant.  The Government filed its response on May 3, 2024. ECF Nos. 15 and 17.

10.     On April 30, 2024, the Court emailed the parties inquiring on dates for a hearing on the motion.  The Government indicated it would be filing a response that week, and the parties agreed to a hearing on May 13, 2024.

11.     On May 13, 2024, a hearing was held to review the Defendant's Order of Detention. Following presentation of evidence and argument, the Court made findings of fact and continued the hearing until May 23, 2024 in order to review submitted evidence. ECF No. 18, 19.

12.     On May 23, 2024, the continued hearing on the Defendant's Motion for Review of Detention Order was held. During this hearing, the Court again made an oral finding that the speedy trial clock tolled due to the Defense motion filed on April 22, 2024.  The Court also denied the Defendant's instant Motion for Review of Detention Order. ECF Nos. 22, 23.

13.     On May 24, 2024, this case was reassigned to this Court.

14.     On June 28, 2024, out of an abundance of caution,[1] the Government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act from June 28, 2024 through September 30, 2024.  The Court granted the Government's Motion on July 1, 2024.  ECF Nos. 24 and 25.

15.     On July 24, 2024, Defense Counsel emailed counsel for the Government requesting its position on a motion to postpone the August 22, 2024 motions hearing due to a conflict with Defense Counsel's schedule.  The Government indicated it would consent to the motion.  On July 25, 2024, the Defendant filed a Motion to Postpone Hearing on Motion to Dismiss.  ECF No. 26.

16.     On July 29, 2024, Defense Counsel emailed the Chambers for Judge George L. Russell requesting postponement of the August 22, 2024 motions hearing, indicating the Government's consent, and requested alternate dates.  This Court granted the Defendant's Motion to Postpone Hearing on July 31, 2024.  ECF No. 28.

---

[1] Because the Defendant's Motion to Dismiss Indictment remains pending, time under the Speedy Trial Act continues to be automatically excluded.  *See* 18 U.S.C. § 3161(h)(1)(D) (excluding from the Speed Trial calculation "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

17.     On August 2, 2024, Chambers emailed the parties with a list of potential dates. Counsel for the Government emailed Defense Counsel with proposed selections and indicated it would email Chambers to confirm the trial dates.

18.     On August 19, 2024, Chambers emailed the parties setting the motions hearing for September 10, 2024 at 2:00 p.m.  Chambers also indicated that the September 30, 2024 to October 4 trial dates were not set and requested a phone conference with the parties to discuss potential trial dates.  Defense Counsel indicated his unavailability until August 26, 2024, and a call was set for August 26, 2024 at 10:00 a.m.

19.     On August 26, 2024, the parties had a conference call with Chambers to discuss trial dates, during with it was determined that the earliest possible four-day span of dates that were convenient for the Court and Defense Counsel was the week of January 27, 2025.  Trial dates were set for that week.

20.     On September 9, 2024, the Defendant filed a Motion to Reconsider his Motion for Review of Detention Order.  ECF No. 31.

21.     On September 10, 2024, the Government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act through January 27, 2025.  The Court granted the Government's motion on the same day.  ECF Nos. 32 and 33.

22.     On September 20, 2024, the Government filed its response in opposition to the Defendant's Motion for Review of Detention Order.  ECF No. 36.

23.     On December 4, 2024, the Defendant filed a Motion to Release or Relocate the Defendant.  ECF No. 42.

24.     On December 18, 2024, the Government filed its response in opposition to the Defendant's Motion to Release or Relocate the Defendant. ECF No. 43.

25.     On January 27, 2025, the trial began in this case.  Jury deliberations began on February 6, 2025 and concluded on February 6, 2025.  The trial resulted in a mistrial.

26.     The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance.

27.     The Government seeks tolling of the Speedy Trial clock by the Court for a period from **February 7, 2025 through April 7, 2025.**

28.     Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), a court may exclude a period of delay if "(1) the 'judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial'; and (2) 'the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s].' 18 U.S.C. § 3161(h)(7)(A)." *United States v. Hart,* F.4th 732, 739-40 (4th Cir. 2024) (citing *United States v. Smart*, F.4th 214, 221 (4th Cir. 2024)).

29.     In addition, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), "[t]he following periods of delay **shall** be excluded … in computing the time within which the trial of any such offense must commence:  (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to– … (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. 3161(h)(1)(D); *see also Bloate v. United States*, 559 U.S. 196, 205-06 (2010) ("Subparagraph (D)…renders automatically excludable only the delay that occurs 'from the filing of the motion through the conclusion of the hearing on, or other prompt

disposition of' the motion."); *see also United States v. Hart*, 91 F.4th 732, 738-39 (4th Cir. 2024) (citing *Bloate).*[2]

30.     There are several circumstances that make an additional exclusion of time under 18 U.S.C. § 3161(h)(7) under the Speedy Trial Act appropriate. As noted above, the Defense filed two motions styled as motions to reconsider or review the Detention Order finding by Judge Bennett for the Defendant that was issued on May 23, 2024.  Since the filing of the Defendant's motions and the Government's Responses, the Court has not issued its ruling on the motions at this time.  Additionally, as the trial just concluded this week, resulting in a mistrial, the parties have scheduled a status call on February 11, 2025 to discuss the future case schedule.

31.     The requested exclusion of time will allow this Court to docket the case for possible retrial.  Additionally, the requested exclusion of time will also allow this court to review the Defendant's outstanding motions, any Government responses, and any hearing that may need to occur regarding the motion prior to a ruling by the Court.  Lastly, the requested time will also allow the parties to confer on any discovery or evidence issues.  The requested time may also lead to plea negotiations between the Government and the Defendant and his defense counsel. Such negotiations will allow for the Defendant to making a knowing and intelligent decision about whether to plead guilty or proceed to trial and will allow an opportunity for the Defendant to discuss those options with his defense counsel.  The requested exclusion of time will also allow the parties to prepare for any scheduled future motions hearings and for trial.

32.     In light of the foregoing facts, the Government respectfully requests that the Court issue an Order finding that the interests of justice served by excluding the time from **February 7,**

---

[2] The Government's position is that time has been excluded since April 22, 2024 due to the pending Defense motion, ECF No. 12, and now again due to the new pending Defense motion, ECF 31, and submits this motion out of an abundance of caution.

**2025 through April 7, 2025** under the Speedy Trial Act, in addition to the time already excluded due to the pending Defense motion, and that the reassignment of this case to a new judge, and preparation for trial and discussions about a potential resolution of the case without a trial, outweigh the Defendant's and the public's best interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

33.    A proposed Order for the Court's consideration is attached.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:    _____/s/_____
Patrick Rigney
Special Assistant United States Attorney

James Wallner
Assistant United States Attorney

36 S. Charles Street 4th Fl.
Baltimore, MD 2120136
Phone: (410) 209-4927
Fax: (410) 962-3091
Email: Patrick.Rigney@usdoj.gov