IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. GLR-24-093 |
| DAVID FUNDERBURK | |
| Defendant | |

### ORDER

The Court finds that the sought after exclusion of time – **from February 7, 2025 through April 7, 2025** – from Speedy Trial Act calculations is justified. Such scheduling is permitted by the provisions of the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(1)(9), (h)(7)(A). The Court finds pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ends of justice served by extending the trial date outweigh the best interests of both the public and the Defendant in a speedy trial because the parties need a longer period than is normally afforded under the federal Speedy Trial Act due to the pending Defense motions, to allow for the parties to confer with the Court on a future trial schedule, to allow for the Defense to review discovery, to conduct plea discussions, and to engage in preparations for a motions hearing, should one be scheduled and for trial in the event that no agreement is reached upon a plea, *see* 18 U.S.C. § 3161(c)(1).

Specifically, as stated in the Government's motion, there are several circumstances making an exclusion of time under the Speedy Trial Act appropriate. Time has already been excluded since April 22, 2024, pursuant to 18 U.S.C. 3161(h)(1)(D), as the Defense filed several motions that are pending rulings from this Court. The outstanding motions already exclude time pursuant to the Speedy Trial Act pursuant to 18 U.S.C. 3161(h)(1)(D). This Court also granted the Government's Motion to Exclude Time pursuant to the Speedy Trial Act from June 28, 2024

through September 30, 2024, and subsequently through January 27, 2025. The requested exclusion of time will allow this Court to docket the case for possible retrial. Additionally, the requested exclusion of time will also allow this court to review the Defendant's motions, any Government responses, and to schedule any hearing that may need to occur regarding the motions prior to a ruling by the Court. Lastly, the requested time will also allow the parties to confer on any discovery or evidence issues. The requested time may also lead to plea negotiations between the Government and the Defendant and his defense counsel. Such negotiations will allow for the Defendant to making a knowing and intelligent decision about whether to plead guilty or proceed to trial and will allow an opportunity for the Defendant to discuss those options with his defense counsel. The requested exclusion of time will also allow the parties to prepare for any scheduled future motions hearings and for trial. Therefore, the interests of justice served by such a delay outweigh the interests of the Defendant, and the public, in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

**IT IS ORDERED** that, in addition to the time already excluded since the filing of the Defense motions, along with the additional time from this Court's the requested additional period of time from **February 7, 2025 through April 7, 2025** is excluded from the calculation of time under the Speedy Trial Act as such exclusion serves the interests of justice and outweighs the interests of the Defendant and the public.

2/11/2025

The Honorable George L. Russell III
Chief United States District Judge

9