**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** \* <br> v. <br> **DAVID FUNDERBURK** | **CRIMINAL NO.: GLR-24-093** |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECUSAL OF PRESIDING JUDGE PURSUANT TO 28 U.S.C. §§ 144 and 455**

The United States of America, by and through undersigned counsel, hereby responds in opposition to the Defendant's Motion for Recusal of Presiding Judge Pursuant to 28 U.S.C. §§ 144 and 455. For the reasons set forth below, the motion should be denied.

**BACKGROUND**

Following the Defendant's trial, on February 6, 2025, this Court granted a mistrial after the jury was unable to unanimously agree upon a verdict. On March 10, 2025, the Defendant filed a Motion for Review of Detention Order. ECF 77. The Government filed its opposition on March 12, 2025. ECF 78. A hearing was held on March 13, 2025, whereby the Court found that there was no condition or combination of conditions that would reasonably assure the safety of the community and of the defendant's presence at trial. *See* ECF 90 at 40-41.

Following argument from counsel for the Government and the Defense, and prior to the Court issuing its ruling, the Defendant, through counsel, addressed the Court stating that he wished to make a statement. Prior to making his statement, Chief Judge George Russell, the Trial Judge, said,

> [A]fter consultation with your attorney, I do not -- I never recommend individuals speak on their own behalf in an open hearing. Anything that you say can and will be used against you, as always. I'm concerned because, quite frankly, I don't think you were truthful on the stand when you testified before. And I'm not quite sure it's in your best interest to speak now. I'm going to give you a moment to speak with your attorney, Mr. Wright, because Mr. Wright is a very -- Mr. Wright is a very good lawyer. And so you can certainly speak to him and consult with him before you say anything out in open court.

ECF 90 at 27. During the Defendant's statement, the Court noted that it would interrupt the Defendant should he deviate from argument "because I don't want to put you in a position where the Court is having you incriminate yourself." *Id.* at 30. The Defendant discussed his upbringing and prior convictions, with the Court noting "You haven't been convicted of anything. And so you talking about your childhood and the history and characteristics, I'm not quire sure that's on point." *Id.* at 32. The Defendant then stated that he only pleaded guilty in his previous case in order to "get out of prison." *Id.* at 34. He argued for "one last chance" to be with his family. *Id.* at 35-36.

Following the Defendant's statement, the Court ruled that the Defendant continue to be detained. In its ruling, the Court found that the evidence against the Defendant was strong, that the Defendant's prior convictions for drug distribution pose a danger to the community, and that the Defendant has multiple violations of supervised release, in support of its findings. *See id.* at 37-40. Additionally, the Court noted,

> "I do not believe that there are circumstances, intervening circumstances or new facts which change the outcome of Judge Bennett, but I also consider even if I looked at the underlying -- disregard Judge Bennett's decision and allowed this to proceed sort of de novo from anew, I think the facts got worse, not -- stronger, not lesser. I do believe that. And I've not conducted a full analysis of Mr. Funderburk's testimony, but he made clear that he was involved with some -- doing some very bad things years ago. And that -- and I do question, although not in specific detail, I don't need to do that now, the credibility of Mr. Funderburk's -- some of Mr. Funderburk's statements when he testified at trial. Whether or not that accounts for an obstruction enhancement for the purposes of the sentencing guidelines if Mr. Funderburk is convicted, I'm not making that determination right now. That's something that will occur in the future if, indeed, he is convicted. So for all of these reasons, I do find by clear and conditions that will reasonably ensure the safety of any other person in the community."

*Id.* at 40-41.

On July 11, 2025[1], the Defendant filed this instant motion, arguing that the trial judge, Chief Judge George Russell, was not impartial based on statements made during the March 13, 2025 detention hearing questioning the Defendant's credibility. *See* ECF 98. In support of his motion, the Defendant included an affidavit that stated, among other things, "At [the detention hearing], [Chief Judge Russell] made several statements that caused me grave concern about his ability to be fair and impartial in my case going forward." ECF 98-2 at 1-2. The Defendant also said "[Chief Judge Russell] suggested that he did not believe my testimony at trial. He also suggested that the Government might consider pursuing an enhancement for obstruction of justice if I am convicted at retrial." *Id.* at 2. He also stated that the fact that Chief Judge Russell made statements about sentencing enhancements "before my retrial has even occurred leads me to believe that he has already made up his mind about my credibility and guilt." *Id.* The Defendant also stated that Chief Judge Russell's "comments and decision appeared influenced by his negative view of my testimony." *Id.*

---

[1] The Defendant's retrial was originally scheduled for June 9, 2025. The Defendant filed a motion to continue the trial on June 4, 2025, due to counsel unavailability, which was granted. ECF 92, 93. The trial is currently scheduled for September 15, 2025. ECF 96.

## **LEGAL STANDARD**

Title 28, United States Code, Section 144, states:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before who the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

From this statutory language, several threshold requirements are noted. First, there must be a matter pending before the district court. Second, the defendant must file a "sufficient" affidavit. Third, the affidavit must allege facts and reasons to demonstrate the allegation of personal bias. Finally, the request for recusal must be accompanied by a certificate from counsel of record that the request is made in good faith. "For disqualification to be required, '[t]he alleged bias must…be personal, as distinguished from judicial, in nature.'" *United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984).

Title 28, United States Code, Section 455, subsection (a) and (b)(1), states:

Any justice, judge, or magistrate judge of the United States Shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned…

He shall also disqualify himself…[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Under § 455(a), the alleged bias or prejudice "must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" *Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011) (citing *Liteky v. United States*, 510 U.S. 540, 545 n.1 (1994)); *see also United States v. Cyrus*, 103 Fed. Appx. 714, 715 (4th Cir. 2004) (citing *Liteky*). Recusal does not depend on "whether the judge is impartial in fact. It is simply whether another, not knowing whether or not

the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (internal quotation marks omitted) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d. 36, 41 (4th Cir. 1995), *cert. denied*, 526 U.S. 1137 (1999)). The Fourth Circuit has adopted an objective standard that asks whether a reasonable, well-informed observer who assesses "all the facts and circumstances" might question the judge's impartiality. *Id.* (quoting *United States v. Sellers*, 566 F.2d 884, 887 (4th Cir. 1977)).

A judge is not recusable for bias or prejudice based on knowledge of the evidence and his or her opinion gained through the course of a trial. *See Litkey*, 510 U.S. at 550-51 ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task"). Additionally, bias or prejudice does not include "opinions held by judges as a result of what they learned in earlier proceedings." *Id.* at 551. As noted by the Supreme Court, "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id.* "A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment." *Id.*

[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 (citing *United States* v. *Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of

the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.; see also McDonald v. Arnald*, Case No. GLR-13-2560, 2014 U.S. Dist. LEXIS 97611 at *6-7 (D. Md. Jul. 17, 2014) (citing *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) ("Prior judicial rulings, on their own, 'almost never constitute a valid basis for a bias or partiality motion,' nor do opinions formed by a judge during prior proceedings"). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* A judge is not required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation." *McDonald*, 2104 U.S. Dist. LEXIS 97611 at *7 (citing *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

## ARGUMENT

### I. The Defendant's filing is legally insufficient.

28 U.S.C. § 144 places multiple requirements for the filing of a motion to recuse. One of those threshold requirements is that the affidavit be accompanied by a "certificate of counsel of record stating that the Defendant's affidavit is made in good faith." In this particular case, the Defendant's affidavit lacks the required certificate from counsel of record. Thus, his filing fails to satisfy threshold requirements of 28 U.S.C. § 144 and must be denied.

### II. The Defendant has failed to meet his burden to show that recusal is warranted.

As noted above in statute and case law, the burden for a petitioner in a case to have a judge recuse himself or herself is high. *See Belue*, 640 F.3d at 573 ("[t]he [Supreme Court] did make

clear that parties would have to meet a high bar to achieve recusal based on in-trial predispositions"). Bias, or prejudice, must "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. " *Id.* (citing *Liteky,* 510 U.S. at 545 n.1). Further, "judicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" *Id.* (citing *Liteky*, 510 U.S. at 555). Additionally, as noted above, "judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.* (citing *Liteky*, 510 U.S. at 555).

    a. *The Court properly conducted the analysis required by 18 U.S.C. § 3142.*

In this particular case, the Court, specifically Chief Judge Russell, was tasked with ruling on a motion filed by the Defendant pursuant to 18 U.S.C. § 3145(b) to review his detention in light of the mistrial. In making his ruling, the Court was required to examine the factors articulated in 18 U.S.C. § 3142(g) to determine whether there was any condition or combination of conditions that would reasonably assure the appearance of the defendant at trial, and the safety of any other person and the community. Those factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense…involves a . . . a controlled substance [or] firearm;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

    The Court first examined the nature and circumstances of the offense under § 3142(g)(1), specifically that the offense included a firearm.

Second, the Court examined the weight of the evidence against the Defendant.  In its analysis, the Court examined the evidence that was presented at the Defendant's trial and highlighted by the Government in its brief.  The Court analyzed the videos presented as exhibits, as well as the Defendant's testimony.  The Court compared the evidence, noting:

> [A]fter having reviewed the evidence in the case which was primarily the videotaped testimony, but most importantly also, the testimony of [the Defendant] which described the circumstances related to his appearance at the store in which he was arrested, after having reviewed the videotape myself during the course of the trial, I am not convinced by any means of [the Defendant]'s innocence.  The video was slowed played at multiple speeds and from my standpoint in reviewing the evidence, some individual that was standing near [the Defendant] did not demonstrate movements consistent with placing the firearm on the ground.

ECF 90 at 38.  The Court also concluded that "the evidence certainly points very much in favor of the defendant's guilt of possessing the firearm and I would consider it strong." *Id.* at 29.

Regarding its examination of the history and characteristics of the Defendant, the Court noted that while it "certainly appreciate[s] no convictions of actual crimes of violence," the Defendant's record was replete with convictions for drug distribution.  The Court found this to be significant, noting that "while not though an act of violence, the act of drug dealing does bring harm to the community and is considered a dangerous activity." *Id.* at 39.  The Court also highlighted the Defendant's "multiple violations of supervised release." *Id.*

    b. *The Defendant has not shown bias or impartiality through the Court's application of the factors set forth in 18 U.S.C. § 3142(g).*

The Defendant rests his argument on two factors.  First, he claims that the statements made by Chief Judge Russell during the detention hearing questioning the Defendant's credibility with regards to his testimony at trial, exhibit bias and impartiality.  As articulated above, the Court is required, under 18 U.S.C. § 3142(g) to find by clear and convincing evidence whether there is any condition or combination of conditions that could assure the Defendant's presence at trial or safety

of the community. Evidence presented for the Court to consider included the Defendant's testimony during his trial, and the Court is permitted to weigh credibility of witnesses in making its determination of whether any condition or combination of conditions exists to assure the Defendant's attendance at trial or safety of the community. *See United States v. Ellis*, 130 F.4th 442, 447 (4th Cir. 2025) (noting that trial court found defendant's testimony during his detention hearing to "be full of self-serving statements" and not credible); *see also United States v. Herndon*, Case No. 1:10MJ89-1, 2010 U.S. Dist. LEXIS 63596 at *24 (M.D.N.C. Jun. 25, 2010) (finding testimony of a defense witness during detention hearing "as lacking any credibility"); *United States v. Davis Lu*, Case No. 1:21-CR-00226, 2025 U.S. Dist. LEXIS 48720 at *6 (N.D. Ohio, Mar. 18, 2025) (noting that defendant's testimony at trial "lacked credibility").

Further, the Court did not rest its entire opinion and order on the Defendant's testimony at trial, but rather the totality of the circumstances. Contrary to the Defendant's claim that the Court's "comments and decision appeared influenced by his negative view of my testimony," ECF 98-2 at 2, the Court conducted a thorough analysis of all of the factors articulated in 18 U.S.C. § 3142(g), as is required by the statute. The Court pointed to the nature of the offense as one involving a handgun, the background of the Defendant as a drug dealer with multiple state and federal convictions, the seriousness of his prior convictions, as well as the danger that he posed to the community if he were to be released. None of this rises to any level of bias or prejudice against the Defendant. Claiming that a Court's analysis of the 18 U.S.C. § 3142(g) factors is biased would mean that no court could properly weigh the evidence as required under § 3142(g)(2). Such a result is absurd.

    c. *The Court's reference to U.S.S.G. § 3C1.1 did not trigger 28 U.S.C. §§ 144 or 455.*

Additionally, the Defendant claims bias and prejudice because the Court referenced the

sentencing enhancement articulated in United States Sentencing Guidelines § 3C1.1, which states that a defendant's offense level may increase by 2-levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction."  Application Note 4(B) to U.S.S.G. § 3C1.1 includes "committing, suborning, or attempting to suborn perjury..."

The Defendant's argument ignores the fact that the Court referenced it was not taking U.S.S.G. § 3C1.1 into account in its ruling.  The Court specifically mentioned that, while it questioned the "credibility of…some of [the Defendant]'s statements when he testified at trial," it did not need to determine whether or not such testimony qualified under the § 3C1.1 enhancement.  Specifically, the Court said, "I'm not making that determination right now." ECF 90 at 40.  The Court merely referenced the existence of the sentencing enhancement should the Defendant be convicted at trial and clearly articulated that it was not taking it into account in its ruling.  Such a restriction on trial courts would also lead to absurd results where defendants could claim the mere reference to things the court would not consider would trigger 28 U.S.C. §§ 144 and 455.

  *d. The Defendant's affidavit is conclusory and should not be accepted.*

The Defendant's affidavit presented in support of his motion is conclusory in nature.  While a court must accept factual allegations as true, the court need not accept conclusory allegations. *See Stern v. United States*, Case No. 2:06CV28, 2006 U.S. Dist. LEXIS 86372 at *4 (W.D.N.C., Nov. 22, 2006) (citing *Oregan v. Arbitration Forums Inc.*, 246 F.3d 975, 989 (7th Cir. 2001) "[T]he undersigned must first determine whether the affidavit is legally sufficient before having the case assigned to a different judge…In order to be legally sufficient, the affidavit must recount facts which are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient'").

The statements made by the Defendant in his affidavit are such conclusions, claiming that the Court is biased and not impartial because it made comments regarding credibility determinations of his testimony. As noted above, comments made by a court "during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 550 U.S. at 555.

> e. *The Defendant has failed to articulate an extrajudicial source of alleged bias or prejudice by the Court.*

As articulated in *Liteky* and *Belue*, the Defendant has not pointed to a single extrajudicial source of alleged bias or prejudice by the Court. Rather, the Defendant singularly points to the Court's credibility analysis of his trial testimony, and comments made regarding it, as showing bias. *Liteky* is clear that bias and partiality are *not* established by "judicial rulings alone" or "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings." *Liteky*, 510 U.S. at 555. This includes both § 455(a) and (b)(1), "under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge.'" *Zahariev v. Hardfgord Life & Accident Ins. Co.*, Case No. 21-1426, 2023 U.S. App. LEXIS 2746, at *7-8 (4th Cir., Feb. 3, 2023) (citing *Liteky*)

Here, the Defendant specifically points to the Court's credibility determination of his testimony in applying the factors set forth in 18 U.S.C. § 3142(g) during his detention hearing. This is precisely the type of opinion referenced by the Supreme Court in *Liteky*. Further, the Defendant ignores the context of the Court's references to his testimony. Specifically, the Court said while it did not "think [the Defendant was] truthful on the stand when [he] testified before," and that it "[does] question, although not in specific detail…the credibility of…some of [the Defendant]'s statements," it was not taking that into account in its application of the factors set forth in 18 U.S.C. § 3142(g). ECF 90 at 27, 40. Additionally, the Court also stated that it was not

taking into account the sentencing enhancement under U.S.S.G. § 3C1.1 in its findings. *Id.* at 40. Having pointed to no extrajudicial source, the Defendant fails to meet his burden as required and thus his motion should be denied.

## **CONCLUSION**

Accordingly, for the reasons discussed herein, this Court should deny the Defendant's Motion.

                                        Respectfully submitted,

                                        Kelly O. Hayes
                                        United States Attorney

By:                /s/
                                        Patrick R. Rigney
                                        Special Assistant United States Attorney

                                        John Sippel
                                        Assistant United States Attorney

                                        36 South Charles Street, Fourth Floor
                                        Baltimore, Maryland 21201
                                        410-209-4800

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, a copy of the foregoing response was servied via CM/ECF to counsel for the Defendant.

                                                                   /s/
                                          Patrick R. Rigney
                                          Special Assistant United States Attorney